## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LORRAINE J. HUBER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: |
| ) | |
| UNITED STATES OF AMERICA ) | |
| and JEFFREY G. KUHN, ) | |
|     Defendants. ) | |

## COMPLAINT AT LAW

Comes now the Plaintiff, Lorraine J. Huber, by counsel, Brian M. Smith, of Smith & Fankhauser, P.C., and files this Complaint against the Defendants, United States Postal Service and Jeffrey G. Kuhn, and in support thereof sets forth and states the following:

## JURISDICTION AND VENUE

1. This is an action seeking damages for personal injury caused by the negligent acts or omissions in the operation of a motor vehicle by an employee of the United States Postal Service acting in the course of, and scope of, his employment with the United States Postal Service, that occurred on February 14, 2019.

2. Jurisdiction of this Court is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1339, 28 U.S.C. § 1346(b), and 28 U.S.C. § 2679(b).

3. The matter in controversy exceeds the jurisdictional amount, if any, of $75,000.00, exclusive of interest and costs.

4. Because the occurrence took place in Schererville, Indiana, within the Northern District of Indiana, and since the Plaintiff resides in Dyer, Indiana, in the Northern District of Indiana, venue is proper in this District.

## COUNT I: NEGLIGENCE

Comes now the Plaintiff, Lorraine J. Huber, and complains of the Defendant, United States of America, and in support thereof, sets forth and states the following:

5. That the Plaintiff herein adopt and re-alleges Paragraphs 1-4 herein.

6. On January 28, 2021, the Plaintiff, Lorraine J. Huber, filed her Form SF-95 in pursuit of administrative remedies, which was received by the United States Postal Service on February 8, 2021 (See Exhibit "A").

7. On March 12, 2021, the United States Postal Service acknowledged the claim for damage and personal injury sought by the Plaintiff, Lorraine J. Huber (See Exhibit "B").

8. That six (6) months have elapsed since the Plaintiff's Form SF-95 was served upon the United States Postal Service.

9. The United States Postal Service is an independent establishment of the Executive Branch of the United States Federal Government; that pursuant to 39 U.S.C. § 409(c), the Federal Tort Claims Act is applicable to the United States Postal Service, 28 U.S.C. § 2679(b) and, that the United States waives sovereign immunity in the matter pursuant to the "Federal Tort Claims Act" and suits by and against the United States Postal Service.

10. That at all times, date(s), and places, stated herein, Defendant Jeffrey G. Kuhn (hereinafter "Driver") was the driver of the United States Postal Service truck that hit the Plaintiff, Lorraine J. Huber, and is believed to have been acting in the scope of and course of his employment by the United States Postal Service and the United States of America.

11. That on or before February 14, 2019, the Plaintiff, Lorraine J. Huber, resided in Dyer, Indiana.

12. That on and before February 14, 2019, it is believed that the Defendant, Jeffrey G. Kuhn, resided in Schererville, Indiana.

13. That at all times mentioned herein, it is believed that the Defendant, Jeffrey G. Kuhn, was employed by the United States Postal Service.

14. That at all times mentioned herein, Defendant, Jeffrey G. Kuhn, was acting within the course and scope of employment with the United States Postal Service and in furtherance of the business of the United States Postal Service, on the date, time and place of occurrence.

15. That on and before February 14, 2019, the Defendant, Jeffrey G. Kuhn, was operating a U.S. Postal Service vehicle traveling westbound in the parking lot located at 59 U.S. 41 Highway, Schererville, Indiana.

16. That on and before February 14, 2019, the Plaintiff, Lorraine J. Huber, was operating a vehicle traveling northbound in the main aisle of the parking lot located at 59 U.S. 41 Highway, Schererville, Indiana.

17. That the intersection in the parking lot located at 59 U.S. 41 Highway, Schererville, Indiana is controlled by a four-way stop sign.

18. That on February 14, 2019, the Plaintiff, Lorraine J. Huber began to proceed through the intersection of the parking lot located at 59 U.S. 41 Highway, Schererville, Indiana. She had the right of way to proceed through the intersection.

19. That at the aforementioned time and place, Defendant, Jeffrey G. Kuhn, operating his vehicle and traveled through the stop sign, striking the vehicle driven by Plaintiff, Lorraine J. Huber.

20. That on and before February 14, 2019, the Defendant, Jeffrey G. Kuhn, had a duty to exercise ordinary care and caution in the operation of the government's vehicle.

21. That on February 14, 2019, the Defendant, Jeffrey G. Kuhn, as the employee of the Defendant, United States of America, breached his duty of care owed to Plaintiff, Lorraine J. Huber, in any one or more of the following acts/or omissions:

    a. Failing to maintain a proper lookout;

    b. Failing to timely apply brakes;

    c. Failing to take available evasive maneuvers;

    d. Failing to maintain control of his vehicle;

    e. Operated an improperly maintained vehicle;

    f. Behaved otherwise differently than a reasonably prudent person would have under the same or similar circumstances;

    g. Moved at an unreasonable rate of speed in violation of I.C. § 9-21-5-1;

    h. Failed to reduce speed to avoid collision in violation of I.C. § 9-21-5-4; and/or

    i. Failed to reduce speed while approaching an intersection in violation of I.C. § 9-21-5-4.

22. That as a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant, Jeffrey G. Kuhn, Plaintiff, Lorraine J. Huber, then and there sustained pecuniary and personal injuries, and serious, severe, and permanent injuries, was caused to suffer and will continue to suffer great physical pain and anguish and disability, was forced to expend and will continue to expend sums of money for medical care and attention in an endeavor to be cured of said injuries, lost enjoyment of life's activities, and lost wage income and salary.

23. That at the aforesaid time and place, and at all times relevant hereto, Plaintiff, Lorraine J. Huber, was in the exercise of ordinary care and caution for her safety and for the safety of others, and that compared to Plaintiff, Defendant, Jeffrey J. Kuhn, was 100% at fault, or in the alternative, more than 51% at fault, and Plaintiff, was 0% at fault.

WHEREFORE, the Plaintiff, Lorraine J. Huber, demands judgment against the Defendant, United States of America, through the United States Postal Service, in the amount of Three Hundred Seventy-Five Thousand Dollars, for compensatory damages, pain and suffering, medical reimbursement and ongoing medical care, loss of time and earnings, loss of impairment or future earning capacity, costs, reasonable attorney fees, prejudgment interest, punitive damages, and for all other relief necessary and proper in the premises.

Respectfully Submitted,

/s/ Brian M. Smith
Brian M. Smith, #25802-64
Attorney for Plaintiff
SMITH & FANKHAUSER, P.C.
2260 W. 93rd Avenue
Merrillville, IN 46410
(219) 769-2051

## COUNT II: LOSS OF CONSORTIUM

Comes now the Plaintiff, Lorraine J. Huber, and for Count II of her Complaint, sets forth and states the following:

24. That the Plaintiff herein adopt and re-alleges Paragraphs 1-23 herein.

25. That at all times mentioned herein, Plaintiff, Lorraine J. Huber, was deprived of consortium and society with her lawfully wedded husband, as a result of the multiple personal and permanent injuries inflicted on her by the Defendant, United States of America.

WHEREFORE, the Plaintiff, Lorraine J. Huber, demands judgment against the Defendant, United States of America, through the United States Postal Service, in the amount of Three Hundred Seventy-Five Thousand Dollars, for compensatory damages, pain and suffering, medical reimbursement and ongoing medical care, loss of time and earnings, loss of impairment or future earning capacity, costs, reasonable attorney fees, prejudgment interest, punitive damages, and for all other relief necessary and proper in the premises.

Respectfully Submitted,

/s/ Brian M. Smith
Brian M. Smith, #25802-64
Attorney for Plaintiff
SMITH & FANKHAUSER, P.C.
2260 W. 93rd Avenue
Merrillville, IN 46410
(219) 769-2051

## JURY DEMAND

Comes now the Plaintiff, and demands trial by jury.

/s/ Brian M. Smith
Brian M. Smith, #25802-64
Attorney for Plaintiff
Smith & Fankhauser, P.C.
2260 W. 93rd Avenue
Merrillville, IN 46410
(219) 769-2051